# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Susan E. Cox | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1173 | **DATE** | 4/9/2013 |
| **CASE TITLE** | Gloria Baker vs. Carolyn W. Colvin | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed in forma pauperis [dkt 4] is granted.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Gloria Baker's in forma pauperis application and financial affidavit (the "financial affidavit"). Ms. Baker seeks permission to appeal in forma pauperis the defendant Commissioner of the Social Security Administration denying her claim for disability insurance benefits on the grounds that the Administrative Law Judge's decision was "not supported by substantial evidence and is contrary to law."[1] The decision of whether to grant a request to proceed in forma pauperis is one left to the District Court, pursuant to Title 28 of the United States Code Section 1915.[2] As other courts in this District have recognized, "[f]iling in forma pauperis is a privilege, and an IFP application should be filled out carefully and comprehensively."[3] A request to proceed in forma pauperis must be denied if: (1) the claim of poverty is untrue; (2) the claim is frivolous or malicious, (3) the action fails to state a claim upon which relief may be granted, or (4) the action seeks monetary relief against a defendant who is immune from such relief.[4]

Ms. Baker reports, in the financial affidavit, that in the past year she has not received more than $200 in income. She also avers that neither she nor anyone else living with her has more than $200 in savings; owns any stocks, bonds or securities; and/or owns any real estate, with or without a mortgage. Ms. Baker next indicates that no individuals live with her for support and that she has no dependents outside of her residence. She states only that her mother and sister help with "little things" and, in the past 12 months, she received public assistance in the form of food stamps totaling $200.00 per month.

We consider Ms. Baker's application in connection with financial obligations of a one-person household with no annual income, and only $200.00 per month in public assistance. Under the Department of Health and Human Services' 2013 Annual Federal Poverty Guidelines, an annual income of $11,490 is the poverty line for a one-person household.[5] We rely on this figure, as well as the absence of any savings or investments, in finding that Ms. Baker is indigent. Because the court has no reason to believe that her action is frivolous, or fails to state a claim, her application is granted.

## STATEMENT

1. Compl. ¶7, dkt. 1.

2. 28 U.S.C. §1915(a)(1).

3. *Hartley v. Villa Scalabrini Nursing & Rehab. Ctr.*, 2009 WL 3188070, *2 (N.D. Ill. Sept. 30, 2009) (citations omitted).

4. 28 U.S.C. §1915(e)(2)(B); *see also Basurto v. Astrue,* No. 10-4023, 2010 WL 2720744, *1 (N.D. Ill. July 7, 2010).

5. *See* http://aspe.hhs.gov/POVERTY/13poverty.cfm#guidelines.